```
                    United States District Court
                      District of Massachusetts
_____
                              )
THOMAS CARLINO,               )
        Petitioner,           )
                              )
        v.                    )   Civil Action No.
                              )   07-11659-NMG
LUIS SPENCER,                 )
        Respondent.           )
_____)
```

## MEMORANDUM & ORDER

**GORTON, J.**

Petitioner Thomas Carlino ("Carlino") has moved for a certificate of appealability ("COA") in order to remove an obstacle to his appeal of this Court's denial of his habeas petition brought pursuant to 28 U.S.C. § 2254. His arguments are without merit and his motion will be denied. The First Circuit Court of Appeals Local Rules require, however, that this Court explain its reasons for denying the COA.

## I. Background

Carlino was tried for and convicted in Massachusetts state court of first degree murder and unlawful possession of a sawed-off shotgun in 1995. The verdict form required the jury, if it found the defendant guilty, to indicate separately upon which theory of first degree murder its conviction was based. Massachusetts recognizes three theories of first degree murder which were listed on the verdict form as follows: 1) "Murder by

-1-

deliberately premeditated malice aforethought," 2) "Murder by extreme atrocity or cruelty," 3) "Murder in the commission or attempted commission of a crime punishable with imprisonment for life" (i.e., felony murder).  The jury found Carlino guilty of both unlawful possession of a firearm and first degree murder and checked off the boxes next to the first two theories of murder but not the box for felony murder.

Carlino challenged his conviction and, in 1999, the Massachusetts Supreme Judicial Court ("the SJC") reversed his murder conviction and remanded for a new trial based on errors in the jury instructions.  Carlino was re-tried in 2001, and again convicted but, on that occasion, the jury found Carlino guilty of first degree murder under all three theories.

Carlino appealed his second conviction arguing that the jury's failure to check off felony murder on the verdict form at his first trial indicated an acquittal under that theory and, thus, to permit him to be tried for felony murder at his second trial placed him in double jeopardy.  He also argued that felony murder merges with the unlawful possession charge.

The SJC affirmed Carlino's conviction noting that any arguments relating to the felony murder theory were moot because the jury found Carlino guilty under both other theories of first degree murder (deliberate premeditation and extreme atrocity or cruelty).  Thus, although the jury's verdict with respect to

felony murder in the first trial was ambiguous, it did not provide a basis for overturning Carlino's conviction.

Carlino filed his habeas petition in federal court on September 4, 2007, asserting that the inclusion of the felony murder charge at his second trial violated his rights under the Fifth and Fourteenth Amendments.  On July 2, 2008, Magistrate Judge Leo T. Sorokin issued a Report and Recommendation that Carlino's petition be denied.  This Court adopted that Report and Recommendation over the defendant's objection on December 8, 2008, whereupon Carlino timely filed the pending motion for a certificate of appealability.

## II.  Analysis

### A.  Legal Standard

A habeas petitioner may not appeal the final order of a district court unless the district court issues a COA.  28 U.S.C. §2253(c)(1).  Further, "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2553(c)(2).  "If the district court denies a certificate of appealability, it must state the reasons why the certificate should not issue."  1st Cir. L.R. 22.1(a).

Where a court has rejected a constitutional habeas claim on the merits, the COA petitioner must show

> that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been

> resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted).

### B.  Application

Carlino's motion for a COA will be denied because he raises no claims that are debatable among jurists of reason.  As Judge Sorokin explained in his Report and Recommendation (and the SJC explained previously), Carlino's arguments are moot to the extent he asserts it was error to allow a felony murder theory to be put to the jury at his second trial.  That jury found Carlino guilty under theories of deliberate premeditation and extreme atrocity or cruelty.  Because those theories independently support a conviction for first degree murder, Carlino cannot show that his conviction violated any constitutional right.  Nor has Carlino shown that the inclusion of the felony murder theory prejudiced his trial strategy or resulted in the introduction of otherwise inadmissible evidence.

Accordingly, this Court concludes that reasonable jurists could not disagree over the resolution of Carlino's habeas petition and, thus, his motion for a COA will be denied.

**ORDER**

In accordance with the foregoing, petitioner's motion for the issuance of a certificate of appealability (Docket No. 21) is **DENIED.**

**So ordered.**

                                              /s/ Nathaniel M. Gorton
                                              Nathaniel M. Gorton
                                              United States District Judge

Dated February 26, 2009